UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRI M. JAGIELO,                                         No. 09-11565

        Plaintiff,                                       District Judge John Corbett O'Meara

v.                                                                Magistrate Judge R. Steven Whalen

VAN DYKE PUBLIC SCHOOLS, ET AL.,

        Defendants.
_____/

**OPINION AND ORDER**

Before the Court are Defendants' Motion to Dismiss or, Alternatively, to Compel Discovery and for Sanctions [Doc. #14] and Plaintiff's Motion for Order Compelling Depositions, for Protective Order and for Extension of Discovery [Doc. #19]. For the reasons stated on the record on January 19, 2010, and set forth below, both motions are GRANTED IN PART AND DENIED IN PART.

    **I.    DEFENDANTS' MOTION [Doc. #14]**

        **A.    Facts**

Defendants seek the re-deposition of Plaintiff Terri M. Jagielo. She has been partially deposed on two prior occasions. On November 2, 2009, Defendants adjourned the first deposition because Plaintiff failed to produce a complete copy of her journal, which was relevant to her claims in this lawsuit. Plaintiff's deposition was continued on November 30, 2009. At that time, Plaintiff produced additional portions of her journal;

-1-

however, certain sections were redacted.  The Plaintiff testified that she crossed out certain information because it was "personal" and she "didn't want everyone to see."  At argument on this motion, Plaintiff's counsel stated that the Plaintiff made the redactions with the assistance of his law office staff, based on attorney-client privilege.  However, counsel did not submit a privilege log until he filed a response to the present motion on December 30, 2009, attaching the privilege log as an exhibit.  Defendants seek an unredacted copy of the Plaintiff's journal.  Plaintiff has provided the Court with an unredacted copy of the salient portions of the journal to which privilege is claimed.

During the November 30, 2009 deposition, Defendants' counsel questioned the Plaintiff regarding memoranda or notes prepared by Edie Burks, the Van Dyke Public Schools Personnel Director.  Regarding these memoranda, counsel asked Defendant the following question:

> Q (Continuing by Mr. Lusk): Okay.  I'm going to show you a document that's been marked for identification as Deposition Exhibit 16.  What Deposition Exhibit 16 is is a series of memoranda that were prepared not by you, but by Miss Burkes.
>
> A: Hm-hmm.
>
> Q: Many of these memoranda have to do with conversations that Miss Burkes had with you, so I would–what I would ask you to do is to read through them, take as much time as you need, and just let me know when you see something in Exhibit 16 that is not consistent with your recollection."  *Defendants' Exhibit O, Jagielo Dep., pp. 147-48*.

Plaintiff's counsel objected, stating that because Ms. Jagielo did not author the documents, she could not be cross-examined about them.  *Id*.  A lengthy colloquy

between counsel ensued, consuming 25 pages of transcript. Defendant's counsel then terminated the deposition. Defendants seek to re-depose the Plaintiff.

### B. Dismissal as a Sanction

Defendants seek dismissal based on spoliation of evidence, because Plaintiff's counsel indicated that the original, unredacted copy of the journal no longer existed. We have now learned that that is not the case, and Plaintiff's counsel has submitted the unredacted version to this Court for *in camera* review. Therefore, Defendants' request for dismissal is moot, and need not be addressed.

### C.   Production of Journal and Re-Deposition

The Court has reviewed the portions of Plaintiff's journal to which attorney-client privilege is claimed, and will grant Defendants' motion to produce that material, for two reasons.

First, Plaintiff has waived any claim of privilege as the result of her failure to timely assert a privilege-based objection to the Defendants' document request. Under Fed.R.Civ.P. 34(b), any objection to a request to produce, including an objection based on a claim of privilege, must be made within 30 days of service of the request to produce. *Gonzalez, Jr. v. Ohio Cas. Ins. Co.*, 2008 WL 795757, *2 (E.D.Mich. 2008). Failure to make a timely privilege-based objection, accompanied by a privilege log required by Fed.R.Civ.P. 26(b)(5), constitutes a waiver of the objection. *Gonazales, supra*; *Haworth v. Herman Miller, Inc.*, 1995 WL 479548 (W.D. Mich. 1995). In this case, Plaintiff did

not make an oral claim of privilege until her second deposition,[1] and did not file the required privilege log until December 30, 2009, a month after the second deposition. She has therefore waived her objection to production of the documents based on attorney-client privilege.[2]

Moreover, even if the privilege had not been waived, the seven redacted portion of the journal that remain at issue do not fall within the attorney-client privilege.[3] The elements of the privilege are: (1) where legal advice of any kind is sought; (2) from a professional legal adviser in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal adviser; (8) unless the protection is waived. *Reed v. Baxter,* 134 F.3d 351, 355-56 (6th Cir.1998). In general, the attorney-client privilege is narrowly construed, because it "reduces the amount of information

---

[1] At the first deposition on November 2, 2009, Plaintiff's counsel responded as follows when asked why Plaintiff had not produced the journal:

"It could be that it's privileged. It could be that there's not a request for same which would be encompassed in number one. It could be that there is another reasons which you may know of."

It could also be that the Roswell aliens stole it. This is hardly an unequivocal claim of privilege, much less one made with the specificity required by Rule 26(b)(5).

[2] This is not to say that Plaintiff has waived all claims of privilege she may make as to questions asked at her re-deposition. This order relates only to the production of documents.

[3] Plaintiff originally claimed privilege as to nine entries in her journal, but now concedes that items #1 and #4 in her privilege log are non-privileged.

discoverable during the course of a lawsuit." *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997); *In re Grand Jury Proceedings*, 78 F.3d 251, 254 (6th Cir. 1996). Furthermore, "[t]he burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 188 F.3d 663, 667 (6th Cir. 1999).

Having reviewed the redacted journal entries *in camera*, the Court finds that they do not fit within the purview of *Reed v. Baxter*. Entry #2 (4-29-08) does not represent legal advice, but rather is a notation concerning a scheduling matter. To the extent that it suggests some action the attorney will take, it parallels Entry #4 (5-1-08), which Plaintiff now concedes is not privileged. Entry #5 (5-1-08) is likewise similar to Entry #4.

Entry #6 (5-6-08) recounts counsel's recommendation of a health care provider, a matter that was already delved into in the previous depositions. The preceding paragraph, which was not redacted, discusses referrals to counselors or support agencies such as Turning Point, who provide emotional support for people going through the legal process.

Entry #7, which is totally innocuous[4], does not constitute legal advice or opinion.

Entry #8 and #9 contain factual information that would not be subject to attorney-client privilege in any case. *See Upjohn Co. v. United States*, 449 U.S. 383, 395, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

Therefore, Defendants' motion to compel production of the redacted portions of Plaintiff's journal is GRANTED. Plaintiff shall produce this material within seven days

---

[4] Indeed, all seven entries appear to be rather mundane.

of the date of this Order.

As to the questions involving Ms. Burks' memoranda, Defendant is clearly entitled to question the Plaintiff regarding inaccuracies or inconsistencies between Plaintiff's recollection of events and Ms. Burks' characterization of what Plaintiff told her. However, as stated on the record on January 19, 2010, the preferable method of inquiry is to proceed paragraph by paragraph, rather than having Plaintiff read the whole document and point out what she believes is inaccurate. Therefore, Defendants' request to re-depose Plaintiff for a full seven-hour day is GRANTED.

For the reasons stated on the record, Defendants' request for attorney fees and costs is DENIED.

## II. PLAINTIFF'S MOTION [Doc. #19]

Plaintiff asks that her re-deposition be limited to 3.5 hours. For the reasons stated above and on the record, that request is DENIED. Plaintiff may be re-deposed for a full seven-hour day.

Plaintiff asks that Defendants be ordered to appear for their depositions. This request is GRANTED. However, Defendants' depositions will occur after Plaintiff's deposition has been concluded.

Plaintiff asks for an extension of discovery. At oral argument, counsel indicated that they had agreed to a 90-day extension of discovery. Therefore, that request is GRANTED, and discovery cut-off shall be extended 90 days from the date of this Order.

Plaintiff asks that all further depositions be conducted in accordance with the

applicable Rules of Civil Procedure and Rules of Evidence. That goes without saying, and does not require an order of this Court. However, counsel is reminded that under Fed.R.Civ.P. 30(c), evidentiary and other objections (other than privilege) shall be noted for the record, "but the examination shall proceed, with the testimony being taken subject to the objections."

    IT IS SO ORDERED.


                              s/R. Steven Whalen
                              R. STEVEN WHALEN
                              UNITED STATES MAGISTRATE JUDGE

Dated: January 20, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 20, 2010.


                              s/Susan Jefferson
                              Case Manager